IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AURANG ZEB,<br><br>          Plaintiff,<br><br>vs.<br><br>ROBERT BENES, ASPEN HOME BUILDERS, INC., ERIC GISH, MITCH MYERS, and RACHEL GLEASON,<br><br>          Defendants. | 4:20-CV-3075<br><br>MEMORANDUM AND ORDER |

      The plaintiff, Aurang Zeb, filed his claim against the defendants utilizing the District's pro se employment discrimination complaint form. Filing 1. The complaint identified defendant Robert Benes as the owner of defendant Aspen Home Builders, Inc., but the relationship of the other defendants to Benes or Aspen is unknown. For the basis of this Court's jurisdiction, the plaintiff checked every box on the form. As such, the complaint purports to assert claims pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, as well as claims concerning unspecified other federal law, relevant state law, and relevant city or county law.

      Defendants Aspen, Benes, Gish, and Gleason, advise the Court that the plaintiff has yet to complete service, but notwithstanding, are voluntarily appearing in this matter. [1] Filing 11 at 2. These defendants move the Court to

---

[1] The defendants inform the Court that defendant Myers is now deceased, and that to the best of their knowledge, he was never served in this matter. Filing 11 at 2. Because the defendants' statement to that effect was served on the plaintiff more than 90 days ago, and

dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), for the plaintiff's failure to state a claim upon which relief can be granted. Filing 10. The Court will grant the defendants' motion.

## I. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). For the purposes of a motion to dismiss a court must take all the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly,* 550 U.S. at 545.

## II. BACKGROUND

The following can be gleaned from the plaintiff's complaint (filing 1) filed July 1, 2020, and a supplemental statement of claim (filing 9) filed August 5. The plaintiff is a commercial painter, and operates a painting business, Huskers Painting, LLC. The plaintiff identifies his race as Asian, his national origin as Pakistan, and his religion as Islam. Filing 1 at 4. He alleges that he is diabetic, and that the year of his birth is 1967 (or possibly 1969 as the handwriting is not clear). The plaintiff alleged that Aspen pays white people more than others. Further, the plaintiff alleged that Aspen did not provide a

---

no motion to substitute parties has been made, the plaintiff's claims against Myers must be dismissed on that ground. *See* Fed. R. Civ. P. 25(a)(1).

mobile toilet, electricity, or air/heat, but turned on the electricity and heat when white people started working. Filing 9.

## III. DISCUSSION

The defendants assert that the plaintiff does not allege an employment relationship with Aspen. Filing 11 at 5. The plaintiff's response acknowledges this absence of an employer/employee relationship, reciting that he did exterior painting projects for Aspen, not that he was ever Aspen's employee. Filing 19 at 1. The absence of an allegation regarding an employment relationship is fatal to the plaintiff's Title VII, ADEA, and ADA claims, as well as any corresponding state-based employment related claims. *Wortham v. American Family Ins. Group*, 385 F.3d 1139, 1141 (8th Cir. 2004); *Lerohl v. Friends of Minnesota Sinfonia*, 322 F.3d 486, 489 (8th Cir. 2003). The defendants' motion to dismiss regarding the plaintiff's employment-based claims will be granted.

The defendants acknowledge that a pro se complaint must be liberally construed. Filing 11 at 7. To that end, the plaintiff checked the "other federal law" box on the complaint form regarding basis for jurisdiction, but failed to specify, as the form requests, what such other federal law might be. Filing 1 at 3. As the Court observed, the plaintiff's complaint does not allege an employer/employee relationship. However, the complaint, liberally construed, does potentially raise a claim pursuant to 42 U.S.C. § 1981, which, in pertinent part, provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every state and Territory to make and enforce contracts, . . . as is enjoyed by white citizens."

To the extent that the plaintiff is an independent contractor—which the defendants argue is, in fact, the case—he is not protected by Title VII, the ADA, or the ADEA, but he is not precluded from pursuing a claim under § 1981. *Wortham*, 385 F.3d at 1141. Necessary for a § 1981 prima facie case of

3

discrimination are factual allegations showing, or giving rise to an inference, of an intent to discriminate on the basis of race. *See Nelson v. USAble Mutual Ins. Co.*, 918 F.3d 990, 993 (8th Cir. 2019). Here, no such factual allegations can be found. The plaintiff alleged that toilet facilities, electricity, and heat at a work site were not available when he was onsite, but were available for white workers. He also alleged that white workers are paid more. The plaintiff concludes that these differences are on account of his race. But that is only, at best, a conclusion, and not one supported by articulated facts. *See Iqbal,* 556 U.S. at 678 (a claim has facial plausibility when the plaintiff alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct).

## IV. CONCLUSION

The Court finds that the defendants' motion to dismiss the plaintiff's complaint should be granted, and that the plaintiff's complaint should be dismissed without prejudice.

IT IS ORDERED:

1. Defendants' motion to dismiss (filing 10) is granted.

2. Plaintiff's complaint (filing 1) is dismissed without prejudice.

3. A separate judgment shall be entered.

4

Dated this 6th day of January, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge